WILLIAM T. JOHNSON, Collector,

*v.*

THOMAS R. LYON, Agent.

*Filed at Ottawa March 28, 1883.*

1. TAXATION—*non-resident's property brought into the State after May 1.* On the 1st day of May, 1879, the owner of a lot of lumber, being a resident of the State of Michigan, shipped the same to a lumber yard in Cook county, in this State, rented by the owner on May 1, 1879, the lumber being received at the yard on May 10, 1879: *Held*, that such lumber was not subject to assessment for taxation for that year, and its assessment was without warrant of law, and that a decree perpetually enjoining the collection of the tax was proper.

2. The statute in providing that "the owner of personal property *moving* into this State from another State between May 1 and July 1, shall list the property in the town where he resides," unless he has been assessed for the property for that year in another State, relates to a case where the *owner* moves into the State, and not to the moving of the property.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant:

We think the words "moving into the State," refer to the property to be taxed, and not to the owner thereof. The assessment is based upon the property. The owner identifies the assessment, and becomes a description of the property assessed. The assessment is just as valid without naming the owner, as when he is erroneously named. *Union Trust Co.* v. *Weber*, 96 Ill. 347.

The statute determines when and where personal property shall be assessed. In California it is taxed where located, with some exceptions. *People* v. *Niles*, 35 Cal. 282; *Oakland* v. *Whipple*, 39 id. 112.

A tax will not be enjoined because of a mistake of the assessor in not deducting the proper amount of exemptions, where no fraud appears. (*Traders' Ins. Co.* v. *Farwell*, 102

Ill. 413.)    So where it is claimed the property assessed was not within the jurisdiction of the assessor.   *People* v. *San Francisco*, 50 Cal. 282.

The complainant should seek his remedy before the town board of review, and having failed to do so can not maintain his bill in equity.   Rev. Stat. chap. 120, sec. 86; *People* v. *Big Muddy Iron Co.* 89 Ill. 116; *Republic Life Ins. Co.* v. *Pollock*, 75 id. 294; *Spencer* v. *People*, 68 id. 510; *Madison County* v. *Smith*, 95 id. 335; *Adsit* v. *Lieb*, 76 id. 198; *Peoria* v. *Kidder*, 26 id. 357; *Morgan* v. *Smithson*, 4 Gilm. 362.

Messrs. McCAGG & CULVER, for the appellee:

The clause of section 22 which requires the owner of personal property moving into this State, etc., to list the same in the county, city, etc., in which he resides, applies only to cases where the owner moves into this State, and not a non-resident owner whose property may come into the State after May 1.    This view is strengthened by sec. 6, chap. 120, Rev. Stat., providing that "every person of full age, etc., being a resident of this State, shall list," etc.    Section 11, of the same chapter, has reference only to personal property *in transitu* between different places in this State.

This is not a case of a merely erroneous assessment, but is one where the assessment is wholly without warrant of law. It is not an irregularity or a mistake in the assessment which appellant brings to the notice of the court, but an entire want of jurisdiction to levy the assessment at all, as against him, during that one year.    *Drake* v. *Phillips*, 40 Ill. 388; *Union Trust Co.* v. *Weber*, 96 id. 346.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This case presents the question whether a quantity of lumber, owned by a resident in Michigan on May 1, 1879, and shipped by him to a lumber yard in Cook county (rented by the owner of the lumber) on May 1, 1879, and received at

the yard May 10, 1879, was subject to assessment for taxes in Cook county for that year, where the assessment was made before July, 1879.

The general rule in our revenue laws subjects the owner of personal property to taxation upon so much of such as he owns on May 1, of each year, either in the town where the owner resides, or the town in which is the place of business, where such property is used for business purposes; but it is also provided that "the owner of personal property moving into this State from another State between May 1 and July 1, shall list the property in the town where he resides," unless he has been assessed upon the property for that year in the other State; also, property in transitu, if intended for business, must be listed at the place where such property is required to be listed. It is clear this case does not come under the general rule, for the owner resided in the State of Michigan. It also seems plain it does not fall within the rule relating to moving into this State. That section relates to the moving of the owner of the property, and not to the moving of property into this State. The property in this case was not in transitu on the 1st day of May, 1879. The owner of this property, therefore was not subject to taxation upon this property for that year. The act of the assessor in assessing the same was without lawful authority, and inoperative.

The decree of the court enjoining the collection of the tax was not erroneous, and is therefore affirmed.

*Decree affirmed.*

Mr. JUSTICE WALKER, dissenting.