## DAVID C. COOK

*v.*

## THE BOARD OF REVIEW OF KANE COUNTY.

*Opinion filed February 21, 1902.*

1. TAXES—*section 53 of Revenue act of 1898 construed.* That part of section 53 of the Revenue act of 1898 which provides that the owner of personal property moving into this State from another State between the first of April and the first of June shall not be assessed for the current year if he can make it appear to the assessor that he is held for taxes on the property in the other State for the current year, does not apply to a resident of this State who brings property from another State.

2. SAME—*when personal tax is properly assessed.* If a citizen of Illinois sells property located in another State and takes a mortgage thereon, which he also sells and brings the money to Illinois before the first day of April, he is liable to assessment thereon, notwithstanding he may have discounted the mortgage for the payment of taxes thereon in the foreign State for the current year.

*In re* appeal from order of Board of Review of Kane county.

This case is presented to this court by the Auditor of Public Accounts, who certifies, in writing and under the seal of his office, that the statement of facts, attached to his certificate, is a statement of facts, certified to his office by the clerk of the board of review of Kane county, pursuant to the provisions of section 35 of "An act for the assessment of property and providing means therefor, and to repeal a certain act therein named," approved February 25, 1898, in the matter of the assessment of credits to David C. Cook, a resident of Kane county, Illinois, by said board of review, amounting to $214,000.00, said assessment being for the year 1901; from the decision and assessment by said board of review said David C. Cook prayed an appeal; and the statement of facts, attached to the Auditor's certificate, having been certified to his office by the clerk of the board of review of Kane county, has been certified to this court for a hearing.

The following order, as certified to in the matter of David C. Cook, complainant before said board, is a brief statement of the evidence and facts before the board, to-wit:

"Afterwards to-wit: on July 31, David C. Cook, a resident of 105 North Gifford street, Elgin, Illinois, heretofore cited to appear to show cause why his personal assessment should not be increased, appeared on July 31, 1901, in person and by his attorney * * * and files a protest on the assessment of money and credits to the value of $214,000.00, heretofore listed to the assessor. It was in evidence that said Cook sold property in the State of California for the sum of $300,000.00, taking a mortgage for the sum of $240,000.00. It was also in evidence that all property in said State is subject to taxation, and that the mortgagee's interest is assessable whether he resides in the State or not. It was also in evidence that said notes and mortgage bore interest at the rate of seven per cent; that said interest on said notes was reduced two per cent for six months for the payment

of the taxes for the year 1901, for the assessment of 1901; that said sum of $214,000.00 was brought to Illinois in March, 1901, and deposited in Illinois banks; that, on April 1, said Cook was required to list said money, to-wit, the sum of $214,000.00, with other money, to the assessor; that said sum of money was in the control of said Cook, was in Illinois, and the property of said Cook. The board, after hearing the evidence, confirm the assessment, from which order of the board of review David C. Cook prays an appeal, and the clerk of this board certifies the facts, as in such case made and provided by statute."

So much of section 53 of the Revenue act of 1898, as is necessary to understand the question involved in this case, is as follows: "All lists, schedules, returns and statements heretofore required by law to be made between the first day of May and the first day of July by the assessors or by the owner of property, or person required to list the same, shall hereafter be made between the first day of April and the first day of June of each year. The owner of personal property, removing from one county, town, city, village or district to another between the first day of April and the first day of June, shall be assessed in either in which he is first called upon by the assessor. The owner of personal property, moving into this State from another State between the first day of April and the first day of June, shall list the property owned by him on the first day of April in such year in the county, town, city, village or district in which he resides: *Provided,* if such person has been, and can make it appear to the assessor, that he is held for tax of the current year on the property in another State, county, town, city, village or district he shall not be again assessed for said year." (Hurd's Stat. 1899, p. 1456).

D. B. SHERWOOD, for appellant.

H. J. HAMLIN, Attorney General, (E. S. SMITH, B. D. MONROE, and G. B. GILLESPIE, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The appellant, David C. Cook, was, during all the time of the transactions herein referred to, a resident of the State of Illinois, residing at Elgin in Kane county. Previous to July 31, 1901, he sold property in the State of California for the sum of $300,000.00 and took a mortgage to secure the sum of $240,000.00. This mortgage, and the notes secured by it, he sold, and, realizing the sum of $214,000.00 as the proceeds of such sale, he brought said sum of $214,000.00 to the State of Illinois in March, 1901, and deposited it in banks in this State. He was required to list said money for assessment on April first, 1901.

The contention of the appellant is, that he should not be assessed upon said sum of money in this State for the year 1901, upon the alleged ground that he was held in the State of California for the tax of the current year upon said money. This contention is based upon section 53 of the Revenue act of 1898. As it appears from the statement of facts, certified to the Auditor by the clerk of the board of review of Kane county, that appellant was a resident of Kane county in this State, and was the owner of this sum of $214,000.00 in money, lying on deposit in Illinois banks on April first, 1901, it is clear that, under sections 7, 8 and 15, and the first clause of section 53 of the Revenue act of 1898, the money was subject to assessment in this State for the year 1901. (Hurd's Stat. 1899, pp. 1447, 1448, 1456).

Counsel for appellant, however, claims that this sum of money is exempt from assessment in this State under that portion of said section 53 which provides that "the owner of personal property, moving into this State from another State between the first day of April and the first day of June, shall list the property owned by him on the first day of April in such year in the county, town, city, village or district in which he resides: *Provided,* if such person has been, and can make it appear to the assessor,

that he is held for tax of the current year on the property in another State, county, town, city, village or district, he shall not be again assessed for said year."

There are several reasons why the portion of section 53, as thus quoted, can have no application to the state of facts as certified to this court by the Auditor. The person, referred to in the portion of section 53 above quoted, is "the owner of personal property moving into this State from another State," etc. The present appellant did not move into the State of Illinois from the State of California, or any other State, between April first and June first, 1901, but he was already at that time and before that time a resident of the State of Illinois. The person, upon whom the burden rests to show that he has been and is held for taxes of the current year on the property in another State, is a person, who has moved into this State from another State between April first and June first, and not a person already residing in this State. The words of the section refer rather to the moving of the owner of the property into the State, and not to the moving of the property into the State. (*Johnson* v. *Lyon,* 106 Ill. 64). The property, however, which was brought into the State of Illinois by the appellant in March, 1901, and deposited in Illinois banks, and which belonged to him as a resident of Illinois on April first, 1901, was not a mortgage upon property in California, but was money.

Counsel for appellant refers to the statutes of California, which provide that a mortgage or deed of trust, by which land is pledged for the payment and discharge of a debt, "shall, for the purpose of assessment and taxation, be deemed and treated as an interest in the land so pledged." Other provisions of the California statutes are referred to, which provide that "the assessor must, between the first Mondays in March and July of each year ascertain the names of all taxable inhabitants, and all property in his county subject to taxation, except such as is required to be assessed by the State Board of Equali-

zation, and must assess such property to the persons by whom it was owned or claimed, or in whose possession or control it was at 12 o'clock M. of the first Monday of March next preceding;" and which also require the assessor to exact a statement under oath from the property owner, in which he must set forth specifically all the real and personal property owned by such person or under his possession or control at 12 o'clock M. on the first Monday of March; and which provide that when any property, except that owned by a railroad or other *quasi* public corporation, is subject to or affected by a mortgage or deed of trust, contract or other obligation by which a debt is secured, he (the assessor) must enter in the proper column the value of such security and deduct the same. (Code of California, part 3, title 9, secs. 3617, 3628, 3629, 3650).

It is claimed, on the part of appellant, that the mortgage and notes, received upon the sale of the property in California, were deemed and treated in that State as an interest in land, and that, when appellant sold his notes and mortgage, the purchaser was allowed to deduct two per cent for six months of the amount of the notes, which is alleged to have amounted to $2400.00, for the taxes in California on the mortgage for the year 1901.

It does not clearly appear from the certified statement of facts, that the notes and mortgage mentioned were in fact assessed in the State of California for the year 1901, although it is stated that all property in California was subject to taxation, and that the mortgagee's interest was assessable, whether he resided in the State or not. But, however this may be, the mortgage, received upon the sale of the California property, was not brought into Illinois, but a certain amount of money, to-wit, $214,000.00, which is alleged to have been derived from the sale of said mortgage, was brought into the State of Illinois. There is no statement, nor proof, nor can there be any claim, that the money, which was

brought into Illinois, was held for taxation or assessment in the State of California. By the terms of section 53, one, who moves from another State to this State between April first and June first, is taxable on the personal property owned by him on April first; and to be relieved from such taxation, the burden is upon him to make it appear to the assessor, that he is held for the tax of the current year on the property in another State. No such showing is made here. Appellant's claim is, that he sold a mortgage, and discounted it two per cent for six months for the payment of taxes. But if he did this, without having been assessed or held for the taxes, he would still be liable to be assessed here under section 53 of the statute. If appellant was assessed upon any property in the State of California, it was upon an interest in real estate, and not upon the money here sought to be subjected to assessment. The assessment here was not of an interest in real estate, or of a mortgage, but of money owned by a resident of this State, and under his control within this State at the time it was assessed on April first, 1901, and for some time prior thereto. It is not the duty of the assessor or of the board of review to trace back the history of property, which appears in the form of money, to see in what shape it existed before it was reduced to money. It is sufficient that, on April first, it was located in this State, and was of such a character that, under the law, it was taxable. The portion of section 53 relied upon does not apply to a citizen resident in this State and bringing property into this State from a foreign State.

For the reasons above stated, we are of the opinion that the sum of money in question was subject to assessment and taxation in this State, and was properly assessed by the board of review of Kane county.

*Order of board approved.*